```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Mark S. Johnson,              :   Case No. 1:10-cv-554
                              :
    Plaintiff,             :
                              :
vs.                           :
                              :
Rehabilitation Services, et al, :
                              :
    Defendants.            :

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 30), and Plaintiff's objections to the Report. (Doc. 31)  The Magistrate Judge has recommended that the motions to dismiss and for judgment on the pleadings filed by all Defendants be granted, and that Plaintiff's complaint be dismissed.

For the following reasons, the Court adopts the Report and Recommendation in full.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Magistrate Judge's Report ably reviews the procedural history of this case.  Briefly summarized, Plaintiff is appearing pro se, and he initially filed a lengthy document styled as a motion for habeas corpus relief.  (Doc. 1)  Upon initial review, the Magistrate Judge ordered Plaintiff to file a short and plain statement describing his claims and the facts that supported

-1-

them.  (Doc. 2)  Plaintiff filed that document on September 16, 2010 (Doc. 3).  In order to comprehend the claims Plaintiff wished to raise, the Magistrate Judge reviewed the decision of a state hearing officer (that had been submitted with Plaintiff's original pleading), affirming a decision of the Ohio Bureau of Vocational Rehabilitation.  (See Doc. 1 at pp. 154-165, PAGEID 157-168.)  That decision affirmed the Bureau's decision to close Plaintiff's case because Plaintiff did not satisfy the criteria required by his caseworker to obtain vocational services: specifically, that he get a psychiatric evaluation; that he enter into treatment; and that he have his treating professional certify that he would be ready for employment.  It is this decision, and the initial psychological evaluation performed at his caseworker's request, which form the basis for Plaintiff's complaint in this case.

As the Magistrate Judge observed, Plaintiff is apparently alleging that the decision to close his file and deny him rehabilitation services violated various federal and state laws.  He asserts claims against the Ohio Rehabilitation Services Commission ("ORSC"), the University of Cincinnati Psychology Department, and Dr. Robert Stutz, a psychiatrist employed by the University who performed Plaintiff's initial psychological assessment at the request of Plaintiff's caseworker.

ORSC and the University filed motions to dismiss (Docs. 13

and 11 respectively). Dr. Stutz answered the complaint and then filed a motion for judgment on the pleadings. (Doc. 20) Plaintiff filed a number of motions and responses, some in response to the Defendants' motions (see Docs. 14, 15, 16, 22, 23), and others that concern his requests for case management and discovery (Docs. 25 and 28). He also filed a motion to "proceed with case in another district" (Doc. 26) which seeks to transfer venue to somewhere outside of the Sixth Circuit, due to his perceptions of judicial bias in this Court.

After de novo review of the record, the Court agrees with the Magistrate Judge's recommendation that the motions of all three of the Defendants are meritorious and should be granted.

## DISCUSSION

Plaintiff's claim against the University of Cincinnati is apparently derived from his claims against Dr. Stutz, who is a University employee. The University argues that it is entitled to immunity from Plaintiff's claims for compensatory damages under the Eleventh Amendment. In one of Plaintiff's responses (Doc. 16), he raises arguments about pendent jurisdiction, permissive and compulsory joinder of parties, which are not relevant to the analysis of the pending motions. He also suggests that only one attorney should be permitted to represent all of the Defendants, and therefore the motions are somehow improper. He also complains that Dr. Stutz and a student

involved with his evaluation were incompetent, and that his vocational services were improperly terminated.

There is nothing in Plaintiff's pleadings that this Court can discern that could support an argument that the University is not immune under the Eleventh Amendment from Plaintiff's damages claims. The fact that Dr. Stutz is employed by the University does not alter that conclusion. And there are no facts this Court can glean from the pleadings that suggest any other cognizable claim against the University. The University's motion to dismiss is therefore granted.

The Ohio Rehabilitation Services Commission moved to dismiss Plaintiff's claims. (Doc. 13) As that motion establishes, the Bureau's caseworker assigned to Plaintiff's case decided to close his file because Plaintiff did not satisfy the conditions placed upon him in order to receive rehabilitation services. Plaintiff filed an administrative appeal and reconsideration request on October 26, 2009. An appeal hearing was conducted on March 3, 2010, which Plaintiff attended and at which testimony and evidence were presented. The hearing officer's May 12, 2010 decision affirmed the Commission, for the reasons fully set forth in that decision. (See Doc. 13, Exhibit B) Plaintiff did not appeal the decision as provided under Ohio law, but filed his suit in this Court on September 16, 2010.

The Commission argues that Plaintiff's complaint, which

essentially seeks judicial review of the Commission's decision, is untimely.  Construed as an action under 29 U.S.C. §722(c)(5)(J), a section of the federal Rehabilitation Act that permits judicial review of state rehabilitation agency final decisions, the appropriate statute of limitations is the most analogous state limitations period.  Ohio Rev. Code 119.12 provides that an appeal from an administrative decision such as that at issue here must be filed within fifteen days of mailing of the decision in question.  Plaintiff's suit, to the extent that Plaintiff is seeking judicial review of the ORSC's decision, is clearly untimely under this statute.

    Plaintiff disputes that his complaint in this case is an "appeal."  (See Doc. 31 at 15)  He argues that he is bringing a federal lawsuit for discrimination based on his disability.  This Court's review of Plaintiff's various submissions reveals that Plaintiff's primary complaint rests on his assertion that he is eligible for rehabilitative vocational services, and that this Court should order ORSC to provide them to Plaintiff.  He also suggests that the fifteen-day limitation period provided by Ohio law, as set forth in ORSC's motion to dismiss, is "too short," and that he should have had more time to appeal the hearing officer's decision.  The law concerning the applicable statute of limitations for actions seeking judicial review under 29 U.S.C. §722(c)(5)(J) is settled, and this Court may not modify that

statute nor grant Plaintiff additional time simply because he believes that fifteen days is "too short."  Plaintiff does not explain why he waited for four months to file this suit, and he does not suggest that any action by any of the Defendants prevented him from pursuing an appeal.

If Plaintiff is attempting to allege some broader error in the underlying administrative proceedings regarding his request for rehabilitation services, that error is not clearly identified in Plaintiff's submissions.  And as ORSC argues and the Magistrate Judge found, most courts who have addressed the issue have found that the Rehabilitation Act does not include an express or an implied right of action, other than the express right to seek judicial review of a rehabilitation services decision that was added by Congress in 1998.  See, e.g., Jackie S. v. Connelly, 442 F.Supp.2d 503 (S.D. Ohio 2006), citing Mallett v. Wisconsin Div. Of Vocational Rehab., 130 F.3d 1245 (7th Cir. 1997).

Finally, Plaintiff also seeks compensatory damages against ORSC in addition to a reversal of the commission's decision denying him benefits.  It is beyond dispute that the Eleventh Amendment bars any claims for money against ORSC, an arm of the State of Ohio, and thus it is immune from such claims in this Court.

Out of an abundance of caution, the Magistrate Judge also

-6-

concluded that if Plaintiff is attempting to assert a claim under the Americans with Disabilities Act, that claim would fail. Plaintiff states several times that he has been diagnosed with diabetes and/or hyperlipidemia.  Assuming that to be true, the condition of diabetes, standing alone, does not support the allegation that Plaintiff qualifies as "disabled" under either the ADA or the Rehabilitation Act.  See, e.g., Gilday v. Mecosta County, 124 F.3d 760, 762 (6th Cir. 1999), cited by the Magistrate Judge and which found that plaintiff's diabetes was not a disability under the ADA.

For all of these reasons, the Court adopts the Magistrate Judge's recommendation with respect to ORSC's motion to dismiss, and will grant that motion.

Defendant Robert Stutz, M.D., answered Plaintiff's complaint and then filed a motion for judgment on the pleadings.  (Doc. 20) Plaintiff does not identify any federal law that he contends Dr. Stutz violated, and his claims are largely based on his allegations that Dr. Stutz committed malpractice in conducting the psychological evaluation, or that his evaluation report was inaccurate and/or untruthful.  As the Magistrate Judge concluded, Ohio law grants broad immunity to a physician who, at the request of a state agency, submits a report to that agency after examining a claimant.  See, e.g., Elling v. Graves, 94 Ohio App.3d 382, 387-388, 640 N.E.2d 1158 (Ohio App. 1994).  Plaintiff

-7-

has not identified any facts or legal authorities that might suggest an exception to this grant of immunity.  And to the extent that Plaintiff is alleging malpractice, Ohio law requires him to file a certificate of merit with respect to his claim.  See Ohio R. Civ. Proc. 10(D)(2).  He did not file a certificate, which in and of itself would require dismissal of this claim.

Plaintiff's objections concerning Dr. Stutz address various Ohio authorities concerning psychologists, and he notes that psychologists are subject to disciplinary proceedings before appropriate state boards.  But none of these arguments are germane to the claims that Plaintiff is alleging against Dr. Stutz in this case.

The Magistrate Judge also reviewed Plaintiff's additional pleadings, which are styled as a "demand of relief by clerk's default" (Docs. 14 and 15), and a motion to "quash dismissal and proceed into trial by jury" (Doc. 16).  The Magistrate Judge concluded that the University of Cincinnati timely responded to Plaintiff's complaint, and explained why his other arguments presented in these documents are incorrect.  (See Doc. 30 at pp. 13-15.)  The Court agrees with those conclusions and fully adopts the Magistrate Judge's Report with regard to these motions.  Plaintiff also filed a motion seeking a case management conference (Doc. 25), and for a transfer of his case to another district.  (Doc. 26)  Because Plaintiff's complaint is being

dismissed, these motions are denied as moot.

## CONCLUSION

The motion to dismiss filed by the University of Cincinnati (Doc. 11), and the motion to dismiss filed by the Ohio Rehabilitation Services Commission (Doc. 13) are both granted. The motion for judgment on the pleadings filed by Robert Stutz, M.D. (Doc. 20) is granted. Plaintiff's motions (Docs. 14, 15, 16, 25, 26 and 28) are all denied for the reasons discussed above. Plaintiff's complaint is dismissed with prejudice.

This Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this Order would not be taken in good faith. Accordingly, Plaintiff will not be granted leave to appeal in forma pauperis. See Fed. R. App. P. 24(a)(3)(A); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Plaintiff may seek a certificate of appealability from the Court of Appeals. See Fed. R. App. P. 24(a)(5).

SO ORDERED.

DATED: July 22, 2011     s/Sandra S. Beckwith
                         Sandra S. Beckwith
                         Senior United States District Judge